UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| IUVO LOGISTICS, LLC, | : | |
| Plaintiff, | : | Case No. 3:23-CV-00205 |
| v. | : | Judge Thomas M. Rose |
| WILLIAM E. JONES, | : | |
| Defendant. | : | |

**ENTRY AND ORDER GRANTING DEFENDANT WILLIAM E. JONES'
MOTION TO PARTIALLY DISMISS PLAINTIFF'S VERIFIED COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF (DOC. NO. 8)**

Presently before the Court is Defendant William E. Jones' Motion to Partially Dismiss Plaintiff's Verified Complaint for Damages and Injunctive Relief ("Motion") (Doc. No. 8). Plaintiff IUVO Logistics, LLC ("Plaintiff") filed Plaintiff's Complaint alleging breach of contract, conversion, breach of duty of loyalty, misappropriation of trade secrets, and tortious interference with contract and/or business opportunity against Defendant William E. Jones ("Defendant"). (Doc. No. 5). Defendant argues that Plaintiff's claims for conversion and tortious interference with contract and/or business opportunity are preempted and that conversion claims are not available for intangible rights, such as trade secrets. (Doc. No. 8 at PageID 91-92.) For the reasons discussed below, the Court **GRANTS** the Motion.[1]

**I.    BACKGROUND**

Plaintiff is an Ohio limited liability company providing commercial transportation and

---

[1] The Court acknowledges the valuable contribution and assistance of judicial extern Emily Snively in drafting this opinion.

1

freight logistics services. (Doc. No. 5 at PageID 74, ¶ 1.) Defendant worked for Plaintiff from April 30, 2021 to July 20, 2022 as a logistics manager and then as an operations supervisor. (*Id.* at PageID 75, ¶¶ 6-7.) These positions required Defendant to reach out to companies in need of freight and logistics services and coordinate the administration of those services. (*Id*. at PageID 75-76, ¶¶ 10, 15.) By virtue of his employment with Plaintiff, Defendant had access to client information, customer lists, and "other proprietary details." (*Id*. at PageID 75, ¶ 9.)

When hired, Defendant signed an employment agreement which contained a non-solicitation clause. (*Id*. at PageID 75-76, ¶ 10.) Plaintiff provided Defendant with an opportunity to exempt Defendant's current customers from the non-solicitation clause, but Defendant did not report any current customers at the time of the employment agreement. (*Id*. at PageID 76, ¶¶ 11-13.)

Defendant announced that he would leave his position on July 10, 2022. (*Id*. at PageID 77, ¶ 19.) After Defendant's departure, sales to the customers he serviced dropped significantly. (*Id*. at PageID 77, ¶¶ 20-21.) Plaintiff was in the process of negotiating the sale of the company, but the sale fell through after the decrease in revenue. (*Id*. at PageID 77, ¶¶ 22-23.) Plaintiff alleges that Defendant took his customers with him and is still in possession of Plaintiff's trade secrets. (*Id*. at PageID 77, ¶ 24.)

Plaintiff filed suit in the Montgomery County Court of Common Pleas alleging (1) breach of contract, (2) conversion, (3) breach of duty of loyalty, (4) misappropriation of trade secrets under Ohio Rev. Code § 1333.61, and (5) tortious interference with contract and/or business opportunities. (*Id.* at PageID 74, 78-81.) Defendant removed the case to this Court and moved to dismiss the second and fifth causes of action: conversion and tortious interference with contract and/or business opportunities. (Doc. No. 8 at PageID 91-92.) The matter is fully briefed and ripe

for review and decision.

II. **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this rule "does not require 'detailed factual allegations' … it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6) (providing for motions to assert a "failure to state a claim upon which relief can be granted"). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A claim is facially plausible when it includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard is not the same as a probability standard, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). Thus, if a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

When ruling on a motion to dismiss, the Court must accept the factual allegations of the complaint as true and construe them in a light most favorable to the non-moving party. *Twombly*, 550 U.S. at 554-55. However, the Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Id.* at 555-56. "In evaluating a motion to dismiss [a court] may consider

3

the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016) (internal quotation marks omitted).

### III. ANALYSIS

Defendants argue that Plaintiff's Complaint must be dismissed for two reasons. First, Defendants argue that Plaintiff's claims for conversion and tortious interference with contract and/or business opportunity are preempted under the Ohio Uniform Trade Secrets Act ("OUTSA"), Ohio Rev. Code § 1333.61, *et seq*. Second, Defendants argue that, even if Plaintiff's conversion claim is not preempted, conversion claims are only available for tangible rights, and trade secrets are intangible rights. In response, Plaintiff argues that its claims are not preempted and that Defendant did acquire trade secrets in the form of tangible property.

The Court can resolve this Motion on preemption grounds and need not address Defendants second argument regarding conversion.

### A. Preemption Under OUTSA

The OUTSA creates a statutory claim for misappropriation of trade secrets that "displace[s] conflicting tort, restitutionary, and other laws of this state providing civil remedies for misappropriation of a trade secret." Ohio Rev. Code § 1333.67. The scope of preemption is broad, extending to "all alternative causes of action for theft or misuse of confidential, proprietary, or otherwise secret information falling short of trade-secret status." *Miami Valley Mobile Health Servs. v. ExamOne Worldwide, Inc.*, 852 F. Supp. 2d 925, 940 (S.D. Ohio 2012) (quoting *Allied Erecting & Dismantling Co. v. Genesis Equip. & Mfg.*, 649 F. Supp. 2d 702, 720 (N.D. Ohio 2009)).

4

Although the Ohio Supreme Court has not yet interpreted the applicability of Ohio Rev. Code § 1333.67, other courts have concluded that a specific tort claim is preempted by the OUTSA if it relies completely on the "same operative facts." *Ridge Corp. v. Altum LLC*, No. 2:21-cv-5915, 2023 U.S. Dist. LEXIS 19926, at *14, 2023 WL 1765918, at *6 (S.D. Ohio 2023) (quoting *Stolle Mach. Co., LLC v. RAM Precision Industries*, 605 F. App'x. 473, 485 (6th Cir. 2015)); *see also Miami Valley Mobile Health*, 852 F. Supp 2d at 940 (holding that the plaintiff's conversion claim was preempted because it alleged only that the defendant wrongfully took and used plaintiffs' customer information, the same fact it relied upon for its OUTSA claim). If a common law tort claim has an "independent factual basis" apart from the facts alleging misappropriation of trade secrets, that part of the claim may survive preemption. *Ridge Corp*, 2023 U.S. Dist. LEXIS 19926 at *14, 2023 WL 1765918, at *6; *see also Office Depot, Inc. v. Impact Office Prods., LLC*, 821 F. Supp. 2d 912, 923 (N.D. Ohio 2011) (holding that a tortious interference claim alleging that defendants "intentionally, maliciously and without justification interfered with [p]laintiff's current and prospective contractual and/or business relationships with clients and customers" was broad enough to encompass facts beyond just the wrongful use of trade secrets).

In the present case, Plaintiff has brought claims for misappropriation of trade secrets under OUTSA, conversion, and tortious interference with contract or business opportunity. (Doc. No. 5 at Page ID 78-81, ¶¶ 32-33, 41, 43, 53.) The conversion claim alleges that Defendant acquired "proprietary and confidential information and trade secrets, including but not limited to, property, client lists, and other information" and is "in wrongful possession" of that information. (*Id.* at PageID 78-79, ¶¶ 32-33.)  In the statutory misappropriation claim, Plaintiff alleges that Defendant "acquired confidential and proprietary information" which "includes but is not limited to client

5

information, customer lists, contract information, and other proprietary details." (*Id.* at PageID 80, ¶¶ 41, 43.) These claims both arise out of the same operative facts. Like in *Miami Valley Mobile Health*, these claims completely overlap – the conversion claim merely alleges the wrongful taking of trade secrets. Therefore, the conversion claim is preempted.

As for the tortious interference claim, Plaintiff alleges that Defendant "used the trade secrets misappropriated from IUVO to induce current and potential customers of IUVO to breach their contractual duties to IUVO, and/or to discontinue a business relationship with IUVO." (*Id.* at PageID 81, ¶ 53.) Again, the tortious interference claim is rooted only in the misappropriation of trade secrets. The Complaint alleges that the tortious interference was solely caused through the misappropriation of trade secrets. Plaintiff offers no additional facts that might create a separate basis for this claim. The Court does not have room to infer an independent factual basis here. Therefore, both the conversion and tortious interference claims are preempted under Ohio Rev. Code § 1333.67.[2]

### IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant William E. Jones' Motion to Partially Dismiss Plaintiffs' Complaint (Doc. No. 8). Count Two, conversion, and Count Five, tortious interference with contract and/or business opportunity, of Plaintiff's Complaint are dismissed.

---

[2] In its Memorandum in Opposition, Plaintiff further describes the nature and physical characteristics of the trade secrets at issue. (Doc. No. 9 at Page ID 101, 105.) In response, Defendant argues that this constitutes an attempt by Plaintiff "to supplement its pleadings to save its conversion and tortious interference claims." (Doc. No. 11 at PageID 110.) The court may not consider additional facts set forth in a memorandum in opposition when ruling on a motion to dismiss. *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020). However, these additional facts still fall within the scope of the misappropriation claim and therefore would not save either claim from preemption. There are no additional facts alleged that describe an action beyond the misappropriation of trade secrets for either the conversion or tortious interference claims.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, November 1, 2023.

                s/Thomas M. Rose

              _____
                THOMAS M. ROSE
              UNITED STATES DISTRICT JUDGE